MERCHANTS' BANK OF REDFIELD, Respondent, v.

GILLESPIE, Appellant.

(194 N. W. 836.)

(File No. 5312.  Opinion filed July 19, 1923.

**Attachment—Affidavits—Motions—Affidavits on Motion to Dissolve Attachment Held Insufficient Denial of Intention to Delay Creditors.**

An affidavit under Rev. Code 1919, Sec. 2448, on motion to dissolve an attachment, which alleged that the affidavit for attachment which was levied under section 2432 was absolutely false and untrue in every particular, and that defendant "has not at any time removed any of his property from the state, that he is not about to remove any of his property from the state, and that he never had any intention of defrauding his creditors," held an insufficient denial of his intention to do those things, or some of them, with intent to delay his creditors.

Appeal from Circuit Court, Spink County; HON. ALVA E. TAYLOR, Judge.

Attachment proceedings by the Merchants' Bank of Redfield against A. I. Gillespie. From an order refusing to dissolve the attachment, defendant appeals. Affirmed.

*W. F. Bruell* and *Sterling, Clark & Grigsby,* all of Redfield, for Appellant.

*Moriarty & Erwin,* of Redfield, for Respondent.

Appellant cited: State Bank v. Karlen et al, 44 S. D. 82.

Respondent cited: Noyes et al v. Lane, 1 S. D. 125, 45 N. W. 327; Hornick Drug Co. v. Lane, 1 S. D. 45; Lindquist v. Johnson et al, 12 S. D. 486, 81 N. W. 900; Peck v. Toland, 27 S. D. 406, 131 N. W. 402.

GATES, J. This is an appeal from an order refusing to dissolve an attachment. Among the statutory grounds for attachment are the following found in section 2432, Rev. Code 1919:

"4. When the defendant * * * has removed or is about to remove any of his or its property from this state, with intent to defraud or delay his or its creditors.

"5. When the defendant * * * has secreted, incumbered, transferred or otherwise disposed of, or is about to secrete, incumber, transfer, or otherwise dispose of, any of his or its property with like intent."

The affidavit for attachment in this case recited:

"That defendant has removed his property from the state of South Dakota, and is about to remove his property from the state of South Dakota, with intent to defraud and delay his creditors, and that the defendant has secreted, incumbered, transferred, and otherwise disposed of his property with intent to defraud and delay his creditors, and is about to secrete, incumber, transfer, and otherwise dispose of his property with intent to defraud and delay his creditors."

The affidavit of defendant on the motion to dissolve recited:

"That this affiant has read the affidavit of W. A. Morris, president of the plaintiff's corporation, made before W. K. McCallister on the 18th day of December, 1922, the copy of which was served upon this affiant, and which affidavit was filed for the purpose of obtaining a warrant of attachment; that in the said affidavit said W. A. Morris makes the following statement in referring to this affiant, to-wit, 'And that the defendant has removed his property from the state of South Dakota with the intent to defraud and delay his creditors, and is about to remove his property from the state of South Dakota with the intent to

defraud and delay his creditors, and that the defendant has se-
creted, incumbered, transferred, and otherwise disposed of his
property with the intention to defraud and delay his creditors';
that said statement is absolutely false and untrue in every particu-
lar, and that this affiant has not at any time removed any of his
property from this state; that he is not about to remove any of
his property from this state; and that he never had any intention
of defrauding his creditors."

By a comparison of the affidavit for attachment with the
purported quotation from it contained in the latter it will be ob-
served that defendant did not traverse the allegation that defend-
ant was about to secrete, incumber, transfer, and otherwise dispose
of his property. Assuming, without deciding, that the allegation
of defendant "that he never had any intention of defrauding his
creditors" would amount to a denial that he was about to secrete,
incumber transfer, or otherwise dispose of his property with intent
to defraud his creditors, yet such allegation would not be a denial
of his intention to do those things, or some of them, with intent
to delay his creditors.

Section 2448, Rev. Code 1919, relating to motions to dissolve
attachment, provides (italics ours) :

"When made under the second subdivision of this section the
notice or order to show cause shall be accompanied by an affidavit
*specifically denying each ground of attachment* stated in the affi-
davit of attachment; and the issue or issues thus joined shall be
heard and determined by the court upon the affidavits or other
evidence, and unless the court shall be satisfied, from all the evi-
dence, of the truth of the affidavit for attachment as to at least
one of the grounds of attachment stated therein, the warrant of
attachment shall be dissolved."

Here we have undenied the allegation in the affidavit for at-
tachment that defendant is about to secrete, etc., with intent to
delay his creditors.

In Lindquist v. Johnson, 12 S. D. 486, 81 N .W. 900, this
court said:

"The failure of the defendants to deny this ground for at-
tachment leaves one sufficient ground for the attachment undenied.
If the affidavit had shown this fact alone, it would have been
sufficient ground for the attachment, and, if the defendants had

sought a discharge of the warrant by the court, they must have positively and definitely denied such allegation. It was incumbent, therefore, on the defendants, on their motion to discharge the attachment, to meet each substantive ground alleged, upon which the warrant had been issued, with a full and unqualified denial. There was an effort, at least, to traverse all the other statutory grounds for attachment alleged in the affidavit, and the practical effect of denying a part of the allegations only is to leave those undenied as though confessed."

There is nothing for us to do, therefore, but to affirm the order refusing to dissolve the attachment.

It will be so ordered.

DILLON, J., not sitting.

Note.—Reported in 194 N. W. 836. See, Headnote, American Key-Numbered Digest, Attachment, Key-No. 246, 6 C. J. Sec. 1037.